# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

AUGUSTUS WILLIAMS,

          Petitioner,  :  Case No. 3:05-cv-349

    -vs- : District Judge Thomas M. Rose
                            Chief Magistrate Judge Michael R. Merz

TIM BRUNSMAN, Warden,

          Respondent.  :

## REPORT AND RECOMMENDATIONS

      This case is before the Court on Petitioner Augustus Williams' Objections (Doc. No. 21) to the Magistrate Judge's Report and Recommendations (the "Report," Doc. No. 19) which concluded that this case should be dismissed as untimely under 28 U.S.C. § 2244.  The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

      Petitioner was convicted of aggravated murder, aggravated robbery, and kidnaping for which he was sentenced October 9, 1985.  Because this was many years before the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") was enacted, the Report calculated the statute of limitations as beginning to run on the date of enactment (April 24, 1996) and expiring one year later.  This case was not filed until October 17, 2005, more than eight years after the statute ran by this calculation.  Petitioner admits this calculation applies to his third ground for relief relating to racial discrimination in jury selection and that that claim is

barred by the statute of limitations.

However, as to his first two claims, Petitioner asserts that the correct start date to apply is when he discovered the factual predicate of the claims, which he says is when the recanting witness was permitted in 2002 to assert a Fifth Amendment privilege against repeating his recantation in open court in a new trial hearing. Under 28 U.S.C. §2244(d)(1)(D), as an alternative to the date when the conviction became final, the statute may begin to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

As the Court understands Petitioner's theory, it is as follows: Petitioner was convicted of aggravated murder in **1985** before the body was found on the testimony of William Quisenberry. Petitioner asserted then and continues to assert that the true murderer is on Harold Smith aka Harold Pullen aka Michael Pullen. In the early **1990's**, Pullen was dead and Quisenberry was incarcerated. Quisenberry wrote to Petitioner's mother, claiming he lied at trial and Pullen (now conveniently dead) was the real murderer. Petitioner's mother hired a lawyer to investigate in **1997**, but no motion for new trial was filed until **2000**. The hearing was not complete on that motion until 2002; the Ohio Supreme Court denied jurisdiction over an appeal from denial of that motion on October 29, **2004**, and this case was filed October 17, **2005**.

What, then, is the relevant late-discovered factual predicate? That Quisenberry lied at trial? Petitioner knew that at the time of trial. That Quisenberry was willing to recant? Petitioner knew that in the early 1990's. No, Petitioner relies the recantation of the recantation when Quisenberry was allowed to plead the Fifth Amendment rather than acknowledge his trial perjury (if perjury it was) in 2002 during the new trial motion hearing.

Petitioner asserts that the trial judge's upholding of the Fifth Amendment claim (and of an associated attorney-client privilege claim) is the factual predicate for his second Ground for Relief. That Ground reads as follows:

> **Ground Two:** The Petitioner was prevented from presenting his state claim for a new trial because the state courts relied on an unreasonable interpretation of the Fifth Amendment to permit the sole witness connecting him to the offense to claim the Fifth Amendment [privilege] against self-incrimination and an unreasonable determination of the existence of a supposed attorney-client relationship.

(Petition, Doc. No. 3, at I.)

However, Ground Two does not state a claim for relief in federal habeas corpus. Federal habeas corpus is available to provide relief from unconstitutional convictions. There is no federal constitutional guarantee that compels state courts to consider motions for new trial at all, much less regulating the procedure by which such hearings are conducted. *See Kirby v. Dutton,* 794 F.2d 245 (6th Cir. 1986)(claims of denial of due process and equal protection in collateral proceedings not cognizable in federal habeas because not constitutionally mandated). *Accord, Greer v. Mitchell,* 264 F. 3rd 663, 681 (6th Cir. 2001); *Johnson v. Collins,* 1998 WL 228029 (6th Cir. 1998); *Trevino v. Johnson*, 168 F.3d 173 (5th Cir.), *cert denied*, 120 S. Ct. 22 (1999); *Zuern v. Tate*, 101 F. Supp. 2d 948 (S.D. Ohio 2000), *aff'd.*,336 F.3d 478 (6th Cir. 2003). To put it another way, if this Court found that the state courts' Fifth Amendment and attorney-client conclusions were unreasonable applications of clearly established Supreme Court law, it could not compel the state courts to conduct another new trial motion hearing because there is no constitutional right to such a hearing. Thus the "fact" that Petitioner discovered in August, 2002 – that the Common Pleas Court was "wrong" in its evidentiary rulings – is not a factual predicate for a cognizable federal ground for

relief.

Petitioner's reliance on *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), is not helpful to his case.  There a critical witness recanted his trial testimony and the Sixth Circuit held that was the relevant factual predicate and started the statute running on that date.  The petition was filed 386 days after it began to run, with tolling for state procedures, and the Sixth Circuit allowed equitable tolling for the 21 days beyond the statute.  Here Petitioner learned of the recantation "in the early 1990's."  Petitioner says the State is bound in this habeas case by the Common Pleas Court's ruling that the 2000 filing was timely.  Assuming that is so, it is of no help when the claimed late discovered factual predicate is of error by the Common Pleas Court on the motion for new trial, not some constitutional error in the trial itself.

Accordingly, it is again respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations and that Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

February 13, 2008.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part

relief.

Petitioner's reliance on *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), is not helpful to his case.  There a critical witness recanted his trial testimony and the Sixth Circuit held that was the relevant factual predicate and started the statute running on that date.  The petition was filed 386 days after it began to run, with tolling for state procedures, and the Sixth Circuit allowed equitable tolling for the 21 days beyond the statute.  Here Petitioner learned of the recantation "in the early 1990's."  Petitioner says the State is bound in this habeas case by the Common Pleas Court's ruling that the 2000 filing was timely.  Assuming that is so, it is of no help when the claimed late discovered factual predicate is of error by the Common Pleas Court on the motion for new trial, not some constitutional error in the trial itself.

Accordingly, it is again respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations and that Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

February 13, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part

upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).